IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-02802-PAB

MARC HARRIS KAPLAN,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, et al.,

    Defendants.

## ORDER

    This matter is before the Court on plaintiff's Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property [Docket No. 2].  Plaintiff, who is *pro se*, seeks an *ex parte* restraining order, requesting that the Court enjoin the foreclosure sale of his property.  The Court's jurisdiction over this case is premised upon plaintiff's invocation of federal questions pursuant to 28 U.S.C. § 1331.

    As an initial matter, plaintiff has not complied with the Local Rules.  Local Rule 7.1 prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter.  The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."  Plaintiff has not certified compliance with Local Rule 7.1.  Furthermore, Local Rule 65.1(A)

imposes requirements, in addition to those found in Local Rule 7.1, on parties seeking a temporary restraining order and makes clear that "[e]xcept in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order." Local Rule 65.1(A)(2). Plaintiff has not certified or otherwise established that he has provided defendant actual notice of his motion or described what efforts he has taken to provide such notice.

As for the requirements of Federal Rule of Civil Procedure 65, the Court may issue a preliminary injunction, pursuant to Rule 65(a), "only on notice to the adverse party." Fed. R. Civ. P. 65(a). A party seeking a preliminary injunction or temporary restraining order must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)). The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Consequently, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). The same

considerations apply to the issuance of a temporary restraining order.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Here, plaintiff seeks a temporary restraining order, requesting that the Court issue an injunction preventing the sale of certain real property without first providing notice to defendants.  Therefore, in addition to the prerequisites outlined above, plaintiff must also meet the requirements of Federal Rule of Civil Procedure 65(b), which provides that the

> court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).  Plaintiff has failed to plead facts sufficient to demonstrate that he is likely to succeed on the merits of his case.  Nor do his filings provide "*specific facts* in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).  Rather, he includes generalized allegations regarding the collective failure of all the defendants to comply with their own underwriting procedures and to confirm plaintiff's ability to repay the mortgage loan.  Without more detailed factual averments, the Court cannot determine whether plaintiff is likely to succeed on the merits of his case.

Moreover, and in any event, plaintiff has not shown that he is likely to suffer immediate and irreparable harm before the defendants can be heard.  Plaintiff contends that the foreclosure sale of his home is scheduled for the morning of November 17,

2010.  The public records related to the property identified in his complaint, however, indicate that the sale is scheduled for December 15, 2010 and that plaintiff is not the property owner.  *See* Fed. R. Evid. 201.

Based on plaintiff's allegations, the Court cannot characterize the foreclosure or foreclosures at issue here or confidently determine whether plaintiff has standing to assert any claims regarding the foreclosure at issue.

Therefore, it is

**ORDERED** that plaintiff's Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property [Docket No. 2] is DENIED.

DATED November 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge